## PHARES, Admr v
## LINCOLN NATIONAL BANK

Ohio Appeals, 1st Dist, Hamilton Co

Decided Dec 28, 1931

ROSS, PJ.

The provision of the statutes covering the appointment and functioning of a special administrator are plain and explicit and free from any possible misinterpretation. §10619 GC, provides for the appointment of a special administrator "to collect and preserve the effects of the deceased."

Sec 10621, GC, provides:

"Such special administrator must collect the goods, chattels, and debts of the deceased, and preserve them for the executor or administrator who thereafter is appointed. For that purpose he may begin and maintain suits as administrator, and also sell such perishable and other goods as the court orders sold. He shall be allowed such compensaion for his services as the court thinks reasonable, **if he forthwith delivers over to the executor or administrator who supersedes him,** the property and effects of the estate, **as hereinafter provided.**"

The special administrator is simply a stakeholder and has no interest in who shall finally be the general administrator, or whether the administration shall be in a domestic or foreign jurisdiction. We agree with the conclusions of Judge Richards stated in the case of **Dicken, Admr, et v Strasburger,** 31 Oh Ap, 18.

There was no authority for the activities of the special administrator incidental to the proceedings in California.

The securities of the decedent, transmitted to the correspondent Bank of the special administrator were still in its possession, being in the hands of its own agent.

The statute further specifically contemplates that the special administrator shall "forthwith" deliver to the general administrator the effects of the decedent in its hands. It is not given a lien upon these effects for its services, and it will be fully protected in presenting its claim for just compensation in the general administration.

The action of the special administrator in withholding delivery was wholly contrary to the statutes, especially as its compensation is made dependent upon the precedent condition "if he **forthwith** delivers over to the executor or administrator who **supersedes** him the property and effects of the estate."

The same prompt unqualified delivery is mentioned in §10622, **GC,** which reads as follows:

"Upon the granting of letters testamentary or of administration, the power of the special administrator shall cease, and he **forthwith must** deliver to the executor or administrator all the goods, chattels, moneys and effects of the deceased in his hands. The executor or administrator may be admitted to prosecute any suit begun by the special administrator, as an administrator **de bonis non** is authorized to prosecute a suit commenced by a former executor or administrator."

The exception to the allowance of any compensation or fees in the special administration should have been sustained.

The judgment of the Court of Common Pleas and of the Probate Court are reversed, and the cause is remanded to the Probate Court with instructions to sustain the exceptions, and for such further proceedings as may be in accordance with law.

HAMILTON and CUSHING, JJ, concur.