MILLIES, APPELLANT, *v.* MILLIES, APPELLEE.

[Cite as Millies v. Millies (1976), 47 Ohio St. 2d 43.]

(No. 75-936—Decided July 7, 1976.)

Messrs. *Bannon, Howland, McCurdy, Dever & Mearan,* Mr. *William L. Howland* and Mr. *John T. Rittenour,* for appellant.

Mr. *Frederick C. O'Grady,* for appellee.

*Per Curiam.* The question of what is or is not a judgment entry from which an appeal will lie, and from which an appeal must be filed in timely fashion, is frequently liti-

gated. Civ. R. 58[1] was intended to resolve "the old, old question of when is a judgment a judgment." 11 Wright and Miller, Federal Practice and Procedure: Civil, Section 2781, citing *Cedar Creek Oil & Gas Co.* v. *Fidelity Gas Co.* (C. A. 9, 1956), 238 F. 2d 298. However, "[t]here are no hard and fast rules for determining what is a judgment; past cases have set certain boundaries and announced generalizations, but essentially every case must be determined from its own facts." *Associated Press* v. *Taft-Ingalls Corp.* (C. A. 6, 1963), 323 F. 2d 114, 115.

For this reason, it is difficult to resolve what is here represented as a conflict between two judgments, for the facts of the cases certified differ markedly. *Shore* v. *Chester, supra*, was not appealed to this court. We therefore do not pass upon the correctness of its holding.[2]

Unlike *Shore*, the case before us concerns an equivocal order not readily identifiable as a judgment entry, but rather one arguably intended by the trial judge as an announcement of his decision denying the appellant's motions for new trial and for judgment.

Prior to a 1963 amendment to Federal Rule of Civil Procedure 58, which now requires a judgment to be entered by separate document, cases of this type were decided by determining whether the trial judge had clearly declared his intention to enter a final decision in the matter before him.

---

[1] Civ. R. 58 provides:

"Subject to the provisions of Rule 54(B), upon a general verdict of a jury, or upon a decision announced, the court shall promptly cause the judgment to be prepared and, the court having signed it, the clerk shall thereupon enter it. A judgment is effective only when filed with the clerk for journalization. Entry of the judgment shall not be delayed for the taxing of costs."

[2] It should be sufficient to point out that the written entry prepared and filed in *Shore* v. *Chester* was identified as a "decision and judgment entry," and clearly and finally disposed of the dispute between the parties. Thus, it fulfilled the formal requirements of Civ. R. 58.

Civ. R. 58 does not go as far as Federal Rule of Civil Procedure 58 (Amend. 1963), which requires judgments to be entered on a separate document, and provides that "[a] judgment is effective only when so set forth and when entered as provided in Rule 79(a)."

Kaplan, Amendments of the Federal Rules of Civil Procedure, 1961-1963(II), 77 Harvard Law Review 801, at page 831.

For example, in *United States* v. *F. & M. Schaefer Brewing Co.* (1958), 356 U. S. 227, the fact that the trial judge, when later presented with a formal journal entry, had signed it, was deemed significant by the United States Supreme Court in determining the trial judge's intention, and finding the formal order appealable.

In *Healy* v. *Pennsylvania R. Co.* (C. A. 3, 1950), 181 F. 2d 934, the court, while holding that a memorandum opinion which concluded by stating " [t]he motions * * * are denied" was not a judgment, suggested that a memorandum or opinion could do double duty and serve as a judgment if it included a sufficiently definitive formal statement. The court added that if this method was to be employed, it would be well to entitle the memorandum "opinion and order," so that no question of interpretation would arise.

Here, the trial court, in signing the formal journal entry on January 7, 1975, recognized that the earlier order either was not intended to be a final disposition, or that it insufficiently contained notice of its finality.

We have examined that earlier order carefully, and find none of the usual indicia which demonstrate finality such that an immediate appeal would be required. Both the form of the order and the circumstances surrounding its issuance indicate that a more formal entry was to follow.

Therefore, the order of the Court of Appeals dismissing the appeal is reversed.

*Judgment reversed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN and P. BROWN, JJ., concur.

CELEBREZZE and W. BROWN, JJ., dissent.

CELEBREZZE, J., dissenting. This case was certified to this court as a "conflict case" pursuant to Rule III, Rules

of Practice of the Supreme Court. The journal entry of certification states:

"The court being fully advised in the premises find that the court in *Shore* v. *Chester* holds that an announcement of a decision cannot be the same document as the judgment entry, whereas in the present case we have held that the announcement of the decision may be the same document as the judgment entry."

The majority opinion avers that since the facts in this case are "markedly" different from those in *Shore* v. *Chester* (1974), 40 Ohio App. 2d 412, they chose not to pass upon the "correctness of its holding." If that judgment of the majority herein be correct then the only proper order under the rules of practice of this court is to remand to the Court of Appeals for clarification.

See *McClung* v. *Bd. of Edn.* (1976), 46 Ohio St. 2d 149, 156, wherein the following appears:

"HERBERT and P. BROWN, JJ., would remand the cause to the Court of Appeals under Section 6, Rule III, Rules of Practice of the Supreme Court."

While I did not agree with the foregoing approach to resolution of the issues presented in *McClung*, for the reason that a conflict between two appellate decisions did exist therein, application of the principle is required here, where, in the words of the majority "it is difficult to resolve what is here represented as a conflict between two judgments, for the facts of the cases certified differ markedly."