L.T.M. BUILDERS CO., APPELLEE, *v.*
VILLAGE OF JEFFERSON ET AL., APPELLANTS.

[Cite as L.T.M. Builders v. Jefferson (1980),
61 Ohio St. 2d 91.]

(No. 79-70—Decided January 23, 1980.)

---

92

*Messrs. Turoff & Turoff, Mr. Robert S. Turoff* and *Mr. Frederick J. Condon,* for appellee.

*Messrs. Baker & Hostetler* and *Mr. Kenneth A. Torger-. son,* for appellants.

PAUL W. BROWN, J.  In their first two propositions of law appellants challenge the trial court's refusal to make separate findings of fact and conclusions of law. Appellants contend that the court's refusal to make such findings constitutes reversible error.

Pursuant to Civ. R. 53(E)(2), a party may file written objections to a referee's report. Under this rule the court may, upon consideration of the objections, "adopt, reject or modify the report."[1] Appellants herein filed 11 pages of objections to the referee's report, including the following:

"8.  With respect to Findings No. 4, 5, 7 and 11 of the Referee's Report, defendants Benes and Buckeye urge the Court to *recommit the cause to the referee with instructions to make new findings relating to LTM's damages,* separately identifying LTM's constituent elements of damages so that defendant can set forth its objections as to these elements of damage which, based upon its present understanding of the case, are entirely unsupported by the evidence or the law."

"11.  With respect to Finding No. 10 of the Referee's Report, defendants urge the Court to reject such finding as contrary to the evidence and the law. In this regard, *defendants* Benes and Buckeye *propose that after the referee sets forth the documents found to constitute the contract in Finding No. 1, the parties be required to submit proposed findings of fact and conclusions of law which, through direct reference to testimony and exhibits, can be used as a basis for the Court's final findings of fact and conclusions of law.*"

"13.  Finally, *defendants* Benes and Buckeye *object to the general format of the Referee's report which does not distinguish between findings of fact and conclusions of law*

---

[1] Civ. R. 53(E)(2) provides that:

"A party may, within fourteen days of the filing of the report, serve and file written objections to the referee's report. Such objections shall be considered a motion. Objections shall be specific and state with particularity the grounds therefor. Upon consideration of the objections the court may: adopt, reject or modify the report; hear additional evidence; return the report to the referee with instructions, or hear the matter itself."

*and which consistently fails to identify the evidence or exhibits which support each separate finding, thus precluding any kind of accurate response to the findings short of total recapitulation of all the evidence.* Defendants Benes and Buckeye reserve the right to enter further objections to any modified or further findings made by the referee as directed by the Court.

*"Defendants accordingly move the Court to take such action on these objections and on the Referee's Report as is set forth herein, request the Court to recommit this cause to the referee with instructions to make new findings of fact and conclusions of law and to take such other action on these objections as may be proper."* (Emphasis added.)

The trial court overruled the objections and adopted the referee's findings with only a minor modification.

Appellants concede that pursuant to Civ. R. 53(E)(2) the court has discretion to sustain or overrule objections to a referee's report. Appellants contend, however, that these objections were sufficient to constitute an independent request for separate findings of fact and conclusions of law under Civ. R. 52. Civ. R. 52 provides that:

"When questions of fact are tried by the court without a jury, judgment may be general for the prevailing party unless one of the parties in writing or orally in open court requests otherwise before the journal entry of a final order, judgment, or decree has been approved by the court in writing and filed with the clerk of the court for journalization, or not later than seven days after the party filing the request has been given notice of the court's announcement of its decision, whichever is later, in which case, the court shall state in writing the conclusions of fact found separately from the conclusions of law."

It is significant that Civ. R. 52 does not require any particular form of motion, but merely requires a "request," either in writing or orally. Further, once a request is made the rule provides that the court "shall" make separate findings of fact and conclusions of law. Thus, appellant argues that the objections to the referee's report served as a proper "request" under Civ. R. 52 which the court was obligated to follow.

The defect in appellants' argument is that the "request" was directed to the referee's report, not to the ultimate findings of the court. The court could have directed the referee to make separate findings in accordance with appellants' objections and yet it would not have been bound to adopt those findings under the discretionary authority given the court in Civ. R. 53(E)(2). A proper "request" under Civ. R. 52 should be unambiguously addressed to the court, not to some collateral matter, if the mandatory language of that rule is to be invoked. While the Civil Rules should be liberally construed to effectuate just results, this does not relieve a party from clearly alerting a court as to what the party seeks. To hold otherwise would require trial courts to speculate on the relief sought in a particular motion, notwithstanding its caption or content.

Appellants contend alternatively in their second proposition of law that the trial court failed to announce its decision, or at least failed to announce the decision prior to entry of judgment on a document separate from the judgment entry, as allegedly contemplated by Civ. R. 52 and 58. Civ. R. 52 permits a party to request separate findings before journalization of the final order or within seven days after the requesting party receives notice of the court's announcement, whichever occurs later. Appellants conclude that because of the court's failure to announce its decision, in what appellants perceive to be a proper manner, appellants were prevented from requesting separate findings once judgment was journalized.

We need not consider the merits of appellants' conclusion since we find that the trial court did announce its decision, the announcement being coincidental to the judgment entry made by the court. Unlike Fed. R. Civ. P. 58, which requires judgments to be entered on a document separate from the decision, Civ. R. 58 has no such requirement.[2] While we agree

---

[2] Fed. R. Civ. P. 58 provides, in relevant part, that: "Every judgment shall be set forth on a separate document."

Civ. R. 58 provides that:

"Subject to the provisions of Rule 54(B), upon a general verdict of a jury, or upon a decision announced, the court shall promptly cause the judgment to be prepared and, the court having signed it, the clerk shall thereupon enter it. A judgment is effective only when filed with the clerk for journalization. Entry of the judgment shall not be delayed for the taxing of costs."

with appellants that for the sake of a "more intelligible record" the better practice is to make separate entries for a decision and judgment, we do not believe that this result is mandated by the Civil Rules. (See *Shore* v. *Chester*, 40 Ohio App. 2d 412, 416, Judge Holmes concurring.) This principle has previously been recognized by this court, wherein it was stated that "[i]t should be sufficient to point out that the written entry prepared and filed in *Shore* v. *Chester* was identified as a 'decision and judgment entry' and***[t]hus, it fulfilled the formal requirements of Civ. R. 58." *Millies* v. *Millies* (1976), 47 Ohio St. 2d 43, 44, at fn. 2. Furthermore, and contrary to appellants' contention, Civ. R. 58 does not prohibit a decision from being entered on the same document as the judgment, but rather indicates that when a decision has been announced, judgment should be entered promptly thereafter. Appellants' objections to the court's failure to make separate findings of fact and conclusions of law are accordingly not well taken.

In their third proposition of law appellants contend that the appellee subcontractor may not recover on the performance bond because the bond was not admitted in evidence. A blank copy of the bond is in the record. It is neither signed, nor completed with appropriate information. Appellants did admit in their answer, however, the existence of the bond, but not that appellee was a beneficiary under it. The question, therefore, is whether this failure to establish in the record that appellee was a named beneficiary under the performance bond prevents recovery under such bond.

R. C. 153.57 provides that the "recovery of any claimant***[under a bond required by law for public contracts] shall be subject to sections 153.01 to 153.60, inclusive, of the Revised Code, to the same extent as if the provisions of such sections were fully incorporated in said bond form." The form prescribed by R. C. 153.57 conditions the surety's obligation upon the contractor's failure to pay all lawful claims of subcontractors. In *American Guaranty Co.* v. *Cliff Wood Coal & Supply Co.* (1926), 115 Ohio St. 524, this court held in the second paragraph of the syllabus that:

"When parties execute a bond pursuant to Sections 2365-1 to 2365-4, inclusive, of the General Code [the

predecessors to R. C. 153.54 to 153.57, inclusive], they are chargeable with notice of the provisions of the statute, and materialmen and *subcontractors may avail themselves of the security of the bond although they are not expressly named therein."* (Emphasis added.)

Based upon the facts before us, appellants' admission in the pleadings made a further offer of evidence to the bond unnecessary. *Gerrick* v. *Gorsuch* (1961), 172 Ohio St. 417. The subcontractor may accordingly recover on the bond since the general bond statutes, which allow such recovery, are deemed to be included in the bond to the same extent as if fully incorporated therein.[3]

In their fourth and final proposition of law appellants complain that the courts below erred in denying appellants' counterclaim for the cost of completing the construction project. Appellants base this contention on two separate grounds. The first is that the contract provides for such damages where the subcontractor breaches the agreement. In this particular case, however, the courts below found that the contractor had breached the agreement, not the subcontractor. Thus, appellants have no remedy under this provision of the contract.

As an alternative basis for their counterclaim, appellants argue that they are entitled to damages caused by the subcontractor's failure to strictly perform its obligation under the contract. The right to set off these damages against monies recovered in a suit brought for the contract price has been recognized in this state and is an established principle of contract law. *Creith Lumber* v. *Cummins* (1955), 163 Ohio St. 264; *Jacob & Youngs, Inc.,* v. *Kent* (1921), 230 N.Y. 239, 129 N.E. 889. The courts below did indeed find that appellee had only substantially performed. It appears, however, that appellee did not sue on the contract, but rather on a theory of *quantum meruit.* Accordingly, appellants are not entitled to set off completion costs against sums recovered by appellee for work performed.

---

[3] Appellants also contend that appellee failed to give timely notice to the surety, pursuant to R. C. 153.56, as a condition to recovery on the bond. As this issue was not properly raised before the Court of Appeals, the matter is not now before us. *F. Enterprises* v. *Kentucky Fried Chicken Corp.* (1976), 47 Ohio St. 2d 154, 162-163.

For the foregoing reasons, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., HERBERT, W. BROWN and SWEENEY, JJ., concur.

LOCHER and HOLMES, JJ., dissent.

HOLMES, J., dissenting. I agree with the majority in that part of the decision which holds that Civ. R. 58 does not require separate documents setting forth the decision and the judgment of the trial court. *Millies* v. *Millies* (1976), 47 Ohio St. 2d 43; *Shore* v. *Chester* (1974), 40 Ohio App. 2d 412, 416.

However, I disagree with the majority that the defendant-appellants had not sufficiently complied with Civ. R. 52 in order to have reasonably requested the trial court to set forth findings of fact separate from the conclusions of law. Here, prior to the trial court's decision and judgment entry, the appellants had filed what was tantamount to such a request to the trial court. Granted such request was embodied within the objections to the referee's report, however, in my view, the language was unmistakably a request directed to the court for separate findings of fact and conclusions of law. I reiterate the language used:

"***In this regard, defendants Benes and Buckeye propose that after the referee sets forth the documents found to constitute the contract in Finding No. 1, the parties be required to submit proposed findings of fact and conclusions of law which, through direct reference to testimony and exhibits, *can be used as a basis for the Court's final findings of fact and conclusions of law.*" (Emphasis added.)

The Civil Rules were intended, and must reasonably be interpreted, to effect justice in the most effective mode and manner—that is the reason for their being. The interpretation of the rule as given by the majority decision does not, in my view, effect that degree of justice to be rendered upon the merits of the matter as originally contemplated by the rule.

LOCHER, J., concurs in the foregoing dissenting opinion.