OHIO ASSOCIATION OF PUBLIC SCHOOL EMPLOYEES, AFSCME/AFL-CIO, CHAPTER 762, APPELLANT, *v.* NEW MIAMI LOCAL SCHOOL DISTRICT BOARD OF EDUCATION, APPELLEE.

*Lucas, Prendergast, Albright, Gibson & Newman* and *Rankin M. Gibson,* for appellant.

*Taft, Stettinius & Hollister, Wilbur L. Collins* and *Martin McHenry,* for appellee.

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas of Butler County.

Plaintiff-appellant, Ohio Association of Public School Employees, AFSCME/AFL-CIO, Chapter 762 ("OAPSE"), appeals an order granting a motion to dismiss filed by defendant-appellee, New Miami Local School District Board of Education (the "board"). OAPSE, a labor organization representing non-teaching employees in the New Miami Local School District, filed a complaint against the board on April 25, 1985.

According to the complaint, the board was required, pursuant to the collective bargaining agreement between the parties, to deduct or check off state and chapter dues from the wages or

salaries of those employees with OAPSE membership. The board was also required to deduct a "fair share fee," not to exceed the dues paid by members of the bargaining unit, from the wages of those employees who did not hold or maintain OAPSE membership.

Employees with OAPSE membership had executed and submitted to the board written authorizations for .dues deductions and the payment thereof to OAPSE. According to its terms, the collective bargaining agreement was in effect from January 1, 1984 through December 31, 1984. The complaint alleged that on January 11, 1985 the board stopped deducting both dues and fair share fees from the wages and salaries of all employees covered by the collective bargaining agreement.

The complaint requested that the board be ordered to continue deducting both dues and fair share fees from its employees' wages and salaries and to also pay those OAPSE dues and fair share fees ·which were due and unpaid since January 11, 1985. The board filed a motion to dismiss, arguing that the complaint failed to state a cause of action for which relief could be granted. On December 20, 1985, the trial court rendered an opinion in which it found the board's motion to be well-taken and ordered the complaint dismissed. A judgment entry dismissing the complaint was recorded on March 28, 1986. OAPSE filed its notice of appeal on April 9, 1986.

· Before we address OAPSE's specific assignments of error, we will first consider an issue raised by the board concerning the timeliness of OAPSE's appeal. The board argues that the court's December 20, 1985 opinion was a final and unequivocal termination of the action between the parties and was therefore the final judgment or order from which OAPSE had thirty days to appeal. See App. R. 4(A). The board's contention is that this particular document, although styled as an "opinion," was final and should have been appealed within thirty days after it was filed with the clerk on December 20. Having waited until April, OAPSE has, according to the board, failed to file its appeal in a timely fashion.

The question of when is a judgment a judgment is not easily answered. There are no set or established rules for determining the issue: the question, in each case, is essentially *sui generis. Millies* v. *Millies* (1976), 47 Ohio St. 2d 43, 1 O.O.3d 26, 350 N.E. 2d 675; *William Cherry Trust* v. *Hofmann* (1985), 22 Ohio App. 3d 100, 22 OBR 288, 489 N.E. 2d 832. Although the opinion contained language indicating that the court was granting the board's motion to dismiss the complaint, the court's later action of filing a "Judgment Entry" contained more definite language which "ordered, adjudged and decreed" that the complaint be dismissed. In signing this formal judgment entry on March 28, 1986, the court "recognized that the earlier order either was not intended to be a final disposition, or that it insufficiently contained notice of its finality." *Millies* v. *Millies, supra,* at 45, 1 O.O. 3d at 27, 350 N.E. 2d at 677. We find that the court's opinion was just that — an opinion. This opinion was then journalized in a final and appealable judgment entry on March 28, 1986 from which OAPSE had thirty days to appeal. Accordingly, we find that the appeal was timely filed.

OAPSE has raised two assignments of error, both of which challenge the trial court's finding that the board had no duty, either statutory or contractual, to continue to deduct union dues or fair share fees from employee wages and salaries after the collective bargaining agreement had expired.

The first assignment of error claims that the trial court erred in concluding that the board had no statutory duty to

continue deducting union dues and fair share fees. Pertinent to the discussion of this assignment, is the Public Employees Collective Bargaining Act, enacted by the 115th General Assembly as Am. Sub. S. B. No. 133 and codified in R.C. Chapter 4117. This Act established a "comprehensive collective bargaining law" for Ohio's public employees. *State, ex rel. Dayton Fraternal Order of Police Lodge No. 44, v. State Emp. Relations Bd.* (1986), 22 Ohio St. 3d 1, 9, 22 OBR 1, 7, 488 N.E. 2d 181, 188 (Celebrezze, C.J., concurring); O'Reilly & Gath, Structures and Conflicts: Ohio's Collective Bargaining Law for Public Employees (1983), 44 Ohio St. L. J. 891. The Act permits public employees to be represented by unions and "imposes on a public employer and the certified union the duty to bargain collectively with each other." White, Kaplan & Hawkins, Ohio's Public Employee Bargaining Law: Can It Withstand Constitutional Challenge? (1984), 53 U. Cin. L. Rev. 1, at 7.

To bargain collectively under the Act includes, among other things, "executing a written contract incorporating the terms of any agreement reached." R.C. 4117.01(G). The agreement must contain a check-off provision authorizing the deduction of union dues upon presentation of written authorizations by the employees. R.C. 4117.09(B)(2); White, Kaplan & Hawkins, *supra*, at 8. In addition, the payment of fair share fees may be required of non-union employees as a condition to employment. R.C. 4117.09(C).

The Act, which took effect on April 1, 1984, also provides for the creation of the State Employment Relations Board ("SERB"), and that the SERB would be responsible for determining whether proposed employee organizations or unions qualify as bargaining units under the Act and then certify those qualified representative organizations for bargaining. *State, ex rel. Dayton Fraternal Order of Police, supra;* O'Reilly & Gath, *supra,* at 895.

The Act became effective while the collective bargaining agreement currently under consideration was in effect. OAPSE argues that Section 4 of the Act requires the board to continue the deduction of union dues and fair share fees even though the collective bargaining agreement has now expired. Section 4 of the Act provides, in part, as follows:

"(A) Exclusive recognition through a written contract, agreement, or memorandum of understanding by a public employer to an employee organization whether specifically stated or through tradition, custom, practice, election, or negotiation the employee organization has been the only employee organization representing all employees in the unit is protected subject to the time restriction in division (B) of section 4117.05 of the Revised Code. Notwithstanding any other provision of this act, an employee organization recognized as the exclusive representative shall be deemed certified until challenged by another employee organization under the provisions of this act and the State Employment Relations Board has certified an exclusive representative.

"* * *

"(C) Nothing in this act shall be construed to permit an employer to terminate or refuse to make payroll deductions of dues, fees, or assessments to any employee organization pursuant to written authorization; except that the deductions may not continue to be made after another employee organization has been certified under this act by the Board." (See 140 Ohio Laws, Part I, 336, 367-368.)

Section 4 of the Act acts as a "grandfather" provision that recognizes and favors existing employee organizations representing public employees that already have collective bargaining agreements with public employers. O'Reilly & Gath, *supra,* fn. 44, at 895.

This section provides that such organizations shall be recognized as qualified representative employee organizations without having to obtain certification from the SERB. Such implied certification continues until the organization is successfully challenged by another employee organization and certified by the SERB. Section 4(C) provides that until a successor organization challenges the existing organization and is certified by the SERB, employers are required to continue the deduction of union dues and payment thereof to the existing organization notwithstanding its lack of formal SERB certification under the Act. We agree with the conclusion of the trial court that Section 4 was designed to "protect those agreements * * * in existence at the time the * * * bill became effective" but does not, however, "perpetuate a collective bargaining agreement * * * [the] very terms [of which] provide for an expiration date." The Act cannot force the parties to an agreement to continually adhere to the provisions of the agreement after it has expired.

The second assignment of error claims that the board had a contractual obligation to continue deducting union dues and fair share fees. Employees with OAPSE membership executed written authorizations directing the board to deduct state and chapter dues from salaries and wages and remit those dues to OAPSE. The authorization states that it is to remain in effect unless withdrawn by the employee in the manner provided for in the collective bargaining agreement. OAPSE's position is that since the employees have not withdrawn or cancelled those authorizations, the authorizations are still valid and the board must continue deducting union dues according to the terms and conditions of the authorizations. We disagree.

The authorizations do impose a duty upon the board to deduct union dues. This duty arises from both the authorizations themselves and Article 3.1 of the collective bargaining agreement.[1] This duty only continues, however, during the term of the collective bargaining agreement. To hold otherwise and find that such authorization was continuous unless revoked in writing by the employee would require the board to deduct such dues *ad infinitum* notwithstanding the expiration of the collective bargaining agreement and the absence of any subsequent agreement with OAPSE or any other successor employee representative. A collective bargaining agreement cannot exist without a mandatory deduction of union dues provision. R.C. 4117.02 (B)(2). Where the obligation to deduct union dues is predicated upon and derived from a collective bargaining agreement, such obligation cannot continue beyond the expiration of the agreement itself. The collective bargaining agreement between OAPSE and the board expired on December 31, 1984 — so, too, did the board's obligation to deduct union dues and fair share fees as established under the agreement.

We find neither assignment of error to be well-taken. Accordingly, OAPSE has failed to state a claim upon which relief can be granted and the trial court properly granted the board's motion to dismiss. See *Appleby* v. *North Constr., Inc.* (Sept. 23, 1985), Butler App. No. CA85-05-051, unreported.

The assignment of error properly

---

[1] Article 3.1 of the collective bargaining agreement provides that:

"The Board agrees to deduct from or check off on the wages of Association members for the payment of dues to the Association, upon presentation of a written authorization individually executed by any employee. This authorization shall be continuous unless revoked in writing."

before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, affirmed.

To all of which the appellant, by its counsel, excepts.

*Judgment affirmed.*

KOEHLER, P.J., JONES and HENDRICKSON, JJ., concur.