*Per Curiam.* In his first proposi-

ST. VINCENT CHARITY HOSPITAL, APPELLEE, *v.* MINTZ, APPELLANT.

[Cite as St. Vincent Charity Hosp. *v.* Mintz (1987), 33 Ohio St. 3d 121.]

(No. 86-1863—Decided December 2, 1987.)

*Howard P. Kasdan,* for appellee.

*Black, McCuskey, Souers & Arbaugh, Jay C. Blackstone* and *Matthew L. Epling,* for appellant.

*Per Curiam.* The court of appeals considered the judgment entry of July 29, 1985 the final judgment of the trial court and, therefore, found untimely the notices of appeal filed on October 9, 1985 and October 16, 1985, respectively. The court found the September 10, 1985 judgment entry "substantially the same" as the July 29, 1985 entry and applied *McCue* v. *Buckeye Union Ins. Co.* (1979), 61 Ohio App. 2d 101, 15 O.O. 3d 103, 399 N.E. 2d 127. We reverse.

*McCue* involved the unexplained vacating of a judgment entry and the simultaneous filing of an identical entry. *McCue* holds that in such a case "* * * it will be presumed * * * that the action by the trial court was taken

solely as an accommodation to the appellant to take an appeal where the time to file an appeal had expired under App. R. 4(A)." *Id.* at 106, 15 O.O. 3d at 106, 399 N.E. 2d at 130.

Without ruling on *McCue,* we hold that it is not applicable to this case. Here, there is no unexplained substitution of an identical, later judgment entry for an earlier one. Although labeled judgment entries, the court's March 1, 1985 entry, and the July 29, 1985 entry which replaced it, were both announcements of the court's decision and concluded with an order that a (final) judgment entry should be prepared. The judgment entry filed September 10, 1985, was the judgment contemplated by the earlier entries, and it set the time for appeal under App. R. 4(A). We base this conclusion on two grounds. First, the label or title placed on a document is not by itself determinative that the document is, in fact, a judgment entry. *Peters* v. *Arbaugh* (1976), 50 Ohio App. 2d 30, 4 O.O. 3d 17, 361 N.E. 2d 531. Here, all the pertinent documents were labeled judgment entries. Second, by changing the content of the September 10, 1985 entry from the discursive format of the earlier entries to a concise statement of findings, concluding in an unequivocal order, the trial court clearly evinced the intent that this was the announcement of its judgment in the case. See *Millies* v. *Millies* (1976), 47 Ohio St. 2d 43, 1 O.O. 3d 26, 350 N.E. 2d 675. Therefore, the July 29, 1985 entry must be considered only the announcement of the trial court's decision as contemplated by Civ. R. 58.[1]

Accordingly, the decision of the court of appeals dismissing the appeal is reversed. The appeal and cross-appeal are reinstated in the court of appeals.

*Judgment accordingly.*

MOYER, C.J., SWEENEY, LOCHER, HOLMES, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.

---

[1] Civ. R. 58 states:

"Subject to the provisions of Rule 54(B), upon a general verdict of a jury, or upon a decision announced, the court shall promptly cause the judgment to be prepared and, the court having signed it, the clerk shall thereupon enter it. A judgment is effective only when filed with the clerk for journalization. Entry of the judgment shall not be delayed for the taxing of costs."