DECISION.
Plaintiff-appellant David Huber advances on appeal three assignments of error. We do not, however, reach the merits of the challenges presented therein, because the orders from which the appellant has appealed lack the requisite finality. Accordingly, we have sua sponte removed this cause from the accelerated calendar, and for the reasons that follow, we dismiss the appeal.
In 1989, a judge of the Domestic Relations Division of the Hamilton County Court of Common Pleas placed of record a divorce decree that dissolved the parties' marriage and granted custody of the parties' minor children to the appellee. In June of 1996, the appellant filed with the domestic relations court a motion seeking to modify the decree's allocation of parental rights and responsibilities with respect to the parties' older daughter. The parties and the court, through a series of entries, narrowed the issues presented by the motion to those of child support and related financial matters. The court then addressed those issues, as so refined, at a hearing on November 6, 1997.
On January 16, 1998, the court placed of record two entries. The first entry effectively denied the appellant's January 5, 1998, request for findings of fact and conclusions of law. The second entry, captioned "DECISION ON CHILD SUPPORT," was, by the court's handwritten notation, entered nunc pro tunc to December 29, 1997. It ordered the appellee to pay child support of approximately $85 per child per month and directed that "[a]n entry setting forth the agreements of the parties and this Decision along with all attachments * * * be presented to the Court on or before January 26, 1998." T.d. 118.
The court's directive in its "DECISION ON CHILD SUPPORT" that the parties prepare and present to the court a final judgment entry evoked no response from the parties. The appellant, instead, on February 13, 1998, filed the instant appeal from the two January 16 entries.
 I.
Section 3(B)(2), Article IV of the Ohio Constitution confers upon a court of appeals jurisdiction over the "judgment or final order" of an inferior court. See, also, R.C. 2505.03 and 2501.02. R.C. 2505.02 defines a "final order," in relevant part, as "an order that affects a substantial right in an action that in effect determines the action and prevents a judgment."
The domestic relations court's January 16 entry overruling the appellant's request for findings of fact and conclusions of law did not "in effect determine the action and prevent a judgment." The entry is, therefore, not a "final order." In the absence of a "final order," we are without jurisdiction to review the denial of the request for findings of fact and conclusions of law.
 II.
The absence of a "final order" would also appear, at first blush, to deprive this court of jurisdiction to review the domestic relations court's January 16 entry captioned "DECISION ON CHILD SUPPORT."[1] We determine, however, that an examination of the entry for finality would be inappropriate at this juncture, when the decision announced by the court in its "DECISION" has yet to be reduced to a properly entered judgment.
App.R. 4(A) provides that the time for taking an appeal commences upon the "entry" of a "judgment" or "order" from which the appeal is taken. In a civil action, Civ.R. 58(A) governs the matter of when a judgment or order has been "entered" for purposes of App.R. 4, see App.R. 4(D), providing in relevant part:
 Subject to the provisions of Rule 54(B), * * * upon a decision announced * * *, the court shall promptly cause the judgment to be prepared and, the court having signed it, the clerk shall thereupon enter it upon the journal. A judgment is effective only when entered by the clerk upon the journal.
Neither the civil rules nor the cases provide any "`hard and fast rules'" for determining what is a "judgment" for purposes of Civ.R. 58(A).Millies v. Millies (1976), 47 Ohio St.2d 43, 44, 350 N.E.2d 675, 676
(quoting Associated Press v. Taft-Ingalls Corp. [C.A. 6, 1963],323 F.2d 114, 115). A "judgment" need not be labeled as such, seeSt. Vincent Charity Hospital v. Mintz (1987), 33 Ohio St.3d 121, 123,515 N.E.2d 917, 919, or entered separately from a court's written decision. See L.T.M. Builders v. Jefferson (1980), 61 Ohio St.2d 91, 399 N.E.2d 1210, syllabus. It must, however, manifest the court's present intention to terminate the action. See Millies, supra at 44, 350 N.E.2d at 676.
Here, the domestic relations court concluded its "DECISION ON CHILD SUPPORT" with a directive to the parties to prepare and present to the court, by a date certain, an entry memorializing the court's resolution of the matter of child support as reflected in its "DECISION" and the matters previously resolved by agreement of the parties. Thus, the "DECISION," by its directive, acknowledged the existence of issues other than those therein resolved and contemplated future action by the parties to finalize, not only the court's decision, but also the parties' agreed resolution of those other issues. The "DECISION," therefore, can in no way be construed to bespeak a purpose to serve as the court's final word on the issues that the appellant's action presented. It instead must be seen as merely an "announce[ment]" of the court's "decision" on the matter of child support, as contemplated by Civ.R. 58(A). See Mintz, supra at 123,515 N.E.2d at 919 (holding that the trial court's "judgment entry," which directed the prevailing party to prepare and file within thirty days a judgment entry in accordance with the court's judgment entry, was only an announcement of the court's decision, as contemplated by Civ.R. 58[A]).
We, therefore, conclude that this appeal is not properly before us, when, in the absence of a properly entered judgment, the time for appealing the child-support determination has yet to commence, and when the absence of a final order deprives us of the jurisdiction to review the denial of the request for findings of fact and conclusions of law. Accordingly, we dismiss the appeal and, by such dismissal, render moot the appellee's June 10, 1999, motion seeking dismissal of this appeal for lack of jurisdiction.
Appeal dismissed.
 Gorman, P.J., Painter and Shannon, JJ.
Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.
Please Note:
The court has placed of record its own entry in this case on the date of the release of this Decision.
[1] The appellee's motion to dismiss this appeal, filed subsequent to the appeal's submission (and, by this decision, rendered moot), is founded upon the argument that the entry's lack of finality deprived this court of jurisdiction over the appeal. The appellant has effectively conceded the entry's lack of finality by the challenges that he presents in his second and third assignments of error to the domestic relations court's failure to designate an effective date for the child-support order or to rule upon other pending matters. Therefore, the parties must be said to concede that the entry is in no sense "final."