DECISION AND JUDGMENT ENTRY
This is an appeal from an Adams County Common Pleas Court judgment. Because the judgment from which this appeal was taken did not appear to constitute a final appealable order, this court ordered appellant to file a memorandum to address the issue. In his memorandum, John Hawn, defendant below and appellant herein, asserted that the judgment is a final appealable order because the trial court's entry provides "This is a final appealable order."
Appellate courts in Ohio have jurisdiction to review the final orders or judgments of lower courts within their districts. Section 3(B)(2), Article IV, Ohio Constitution; R.C. 2501.02; Prod. Credit Assn. v.Hedges (1993), 87 Ohio App.3d 207. See, also, Kouns v. Pemberton (1992),84 Ohio App.3d 499. If an order is not final and appealable pursuant to R.C. 2505.02, a court of appeals does not have jurisdiction to consider the matter and it must be dismissed.
On September 14, 2000, appellant filed a Notice of Appeal from a judgment that denied both a motion for a new trial and a motion to amend the Findings of Fact and Conclusions of Law previously filed by the trial court. The denial of a motion for a new trial is an interlocutory order if the action has not been terminated by a final judgment. See Pinson v.Triplett (1983), 9 Ohio App.3d 46. Further, Findings of Fact and Conclusions of Law lack the formality and unequivocal intend that is required from a final judgment. Millies v. Millies (1976),47 Ohio St.2d 43. Thus, the Findings of Fact and Conclusions of Law do not satisfy the requirements of Civ.R. 58. That rule provides in part:
 "Subject to the provisions of Rule 54(B), upon a general verdict of a jury, upon a decision announced, or upon the determination of a periodic payment plan, the court shall promptly cause the judgment to be prepared and, the court having signed it, the clerk shall thereupon enter it upon the journal. A judgment is effective only when entered by the clerk upon the journal."
Our review of the record indicates that although the trial court signed and filed the Findings of Fact and Conclusions of Law and the September 1, 2000 judgment, neither entry terminated the action, thus making the judgment final and appealable.
Further, the trial court's inclusion of the language on the September 1, 2000 judgment that "This is a final appealable order" does not create a final appealable order if a final appealable order does not indeed exist. Appellate courts are not bound by a trial court's determination or statements that a judgment constitutes a final appealable order. See,Ft. Frye Teachers Assn. v. Ft. Frye Local School Dist. Bd. of Edn. (1993), 87 Ohio App.3d 840 . See, also, Pickens v. Pickens (Aug. 27, 1992), Meigs App. No. 459, unreported, at 4; McCoy v. Hines (Oct. 17, 1990), Adams App. Nos. 495 and 497, unreported, at 5.
Upon consideration, we find no judgment that terminated the action among the parties and hence, no final appealable order. Thus, the Entry from which this appeal is taken does not constitute a final appealable order and this appeal is hereby DISMISSED.
 JUDGMENT ENTRY
It is ordered that the appeal be dismissed and that appellee recover of appellant costs herein taxed.
It is ordered that a special mandate issue out of this Court directing the Adams County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
 _________________________________ Peter B. Abele, Presiding Judge.
Harsha, J. Evans, J. Concur.