OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court and the parties' briefs. Defendants-Appellants, Levon and Jacquelyne Hays, filed a pro se appeal from the decision of County Court, Area #5, Mahoning County, Ohio, granting judgment in favor of Plaintiff-Appellee, Dennis Orr. We are asked to reverse the trial court's decision because the Hays had evidence they would like this court to look at in order for us to overturn the trial court's decision. Although we note the trial court improperly captioned its decision a default judgment, we must affirm its decision as the Hays have failed to provide this court with a transcript. This court is a court of record and may not consider evidence not in the record. Further, a review of the record does not show any obvious errors by the trial court. Thus, we must affirm the trial court's decision.
 {¶ 2} Orr filed a complaint in forcible entry and detainer against the Hays which contained two causes of action, one for eviction and the other for restitution. In that complaint, Orr sought to evict the Hays from a house they rented from Orr because, among other things, they had failed to pay their rent. The Hays were served with that complaint and appeared at a hearing relating to the eviction. However the trial court continued the second cause of action. Orr then moved the court for a hearing on the restitution cause of action. That motion was granted. The matter was set for a hearing, and the Hays were notified of that hearing. The trial court's judgment entry, although captioned as a default judgment, provided in pertinent part: "The Defendant failed to appear although duly notified according to Ohio law. The Plaintiff presented evidence. The Court grants judgment for the Plaintiff, against the Defendant * * *."
 {¶ 3} Before addressing the arguments in the Hays' brief, we must first address the issues raised in Orr's responsive brief and motion to dismiss this appeal. Orr asks this court to dismiss the Hays' appeal for two reasons: their failure to properly file and serve a timely notice of appeal and their failure to provide this court with a proper record of the proceedings in the trial court. However, the record demonstrates Orr's arguments are groundless and we will not dismiss this appeal.
 {¶ 4} If a party does not file a notice of appeal in accordance with the Appellate Rules, then an appellate court does not have jurisdiction to hear that appeal. App.R. 3(A); State v. Bassham (2002),94 Ohio St.3d 269, 272, 762 N.E.2d 963. Orr apparently believes the Hays' brief to this court is the filing the Hays intended to act as their notice of appeal and, thus, argues it fails to comply with the Appellate Rules. However, the record before this court contains a notice of appeal. That notice of appeal was timely as it was filed on January 25, 2002, within thirty days of the day the judgment entry was filed, December 28, 2001. See App.R. 4(A).
 {¶ 5} In addition, the notice filed in this case contains most of the information required in App.R. 3(D). It contains the parties' names, designates the judgment appealed from, and names the court to which the appeal is taken. The only thing missing from the notice of appeal is a proper designation of the appellant and appellee. We will not dismiss this pro se appeal on this basis. It is obvious from the notice of appeal that the pro se parties filing the notice, the Hays, are the appellants and that the only other party to the case, Orr, is the appellee.
 {¶ 6} Orr also asks this court dismiss this appeal because the Hays' notice of appeal was not timely served. App.R. 3(E) requires the clerk serve notice of the filing of a notice of appeal upon each party other than the appellant. However, a clerk's failure to do so "shall not affect the validity of the appeal." App.R. 3(E). Orr claims he did not receive notice of the appeal until he received a copy of the Hays' brief. However, the instructions and certification of service asked the clerk to serve a copy of the notice of appeal upon Orr's counsel. Thus, Orr's claim that he did not receive notice of the appeal is not reflected in the record. In addition, the clerk's alleged mistake does not affect the validity of the appeal. Thus, we will not dismiss the appeal on this basis.
 {¶ 7} Finally, Orr argues the Hays have failed to provide this court with a record of the trial court's proceedings in accordance with the Appellate Rules and, thus, this case should be dismissed. However, the record was prepared and filed on February 5, 2002, eleven days after the Hays filed their notice of appeal. Thus, Orr's final argument is meritless and we will not dismiss this appeal.
 {¶ 8} When disposing of this case, the trial court captioned its judgment entry as a default judgment. A trial court's decision to grant default judgment is governed by Civ.R. 55. Default is a clearly defined concept and default judgment may only be entered when the defendant has failed to timely plead or otherwise defend in response to an affirmative pleading. State ex rel. Thomas v. Ghee (1998), 81 Ohio St.3d 191, 193,690 N.E.2d 6; Ohio Valley Radiology Associates, Inc. v. Ohio ValleyHosp. Assn. (1986), 28 Ohio St.3d 118, 121, 28 OBR 216, 502 N.E.2d 599. Once the defendant has begun to contest the allegations raised in the complaint, it is improper to render a default judgment against that defendant. Ohio Valley at 121.
 {¶ 9} Furthermore, if a defendant has made an appearance in the case, then a trial court may not grant default judgment unless the defendant has been served with written notice of the motion for default judgment at least seven days before the hearing on that motion. OhioValley at 120; Civ.R. 55(A). For the purposes of default judgment, a defendant appears in a case even when the defendant's filings are subsequent to a plaintiff's motion for default. Hartmann v. Ohio CrimeVictims Reparations Fund (2000), 138 Ohio App.3d 235, 238, 741 N.E.2d 149. "Without the requisite notice and hearing under Civ.R. 55(A), a default judgment is void and shall be vacated upon appeal." Id.
 {¶ 10} In this case, the Hays appeared at the first hearing related to the eviction. It appears from the trial court's judgment entry that they contested the eviction. Therefore, it would be improper for the trial court to render default judgment for Orr. Even if the Hays did not contest the eviction at the first hearing, that would qualify as an appearance in the case. Further, the record demonstrates Orr never filed a motion for default judgment nor were the Hays served with notice of a default hearing. For these reasons, the trial court could not have granted default judgment.
 {¶ 11} Merely because it would be improper to grant default judgment does not mean we must reverse the trial court's decision. The label or title a trial court puts on a judgment entry does not define the nature of the judgment entry. St. Vincent Charity Hosp. v. Mintz (1987),33 Ohio St.3d 121, 123, 515 N.E.2d 917. Appellate courts look to the content of a document in order to determine its nature. See Id.; Milliesv. Millies (1976), 47 Ohio St.2d 43, 1 O.O.3d 26, 350 N.E.2d 675; In reSimmons (Mar. 8, 2001), 7th Dist. No. 99 BA 53; see also Hrina v. Segall
(June 6, 2001), 7th Dist. No. 00 CA 87 (Where trial court labels judgment as default but took proof on the merits of the claim, then judgment should properly be characterized as a judgment on the merits).
 {¶ 12} Here, the trial court's judgment entry states the Hays failed to appear and Orr presented evidence. When a defending party fails to show for trial, the proper action for a court to take is to require the party seeking relief to proceed ex parte in the opponent's absence.Ohio Valley at 122-123. An ex parte trial is different than default because it is a true trial and a judgment based upon an ex parte trial is a judgment after trial pursuant to Civ.R. 58 rather than a default judgment under Civ.R. 55. Id. "Because Civ.R. 55 is by its terms inapplicable to ex parte proceedings, the notice requirement of Civ.R. 55(A) was not applicable to the proceedings below in this case." Id. at 122.
 {¶ 13} We cannot review whether the trial court properly granted judgment after the ex parte trial because the Hays have failed to provide us with a transcript of those proceedings. The Hays, as the parties asserting an error in the trial court, bear the burden of demonstrating error by reference to matters made part of the record in the court of appeals and it is their duty to provide us with an adequate transcript.Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199, 15 O.O.3d 218, 400 N.E.2d 384; App.R. 9(B). The procedure for filing an adequate transcript or a suitable alternative are found in App.R. 9. In the absence of an adequate transcript, we must presume the regularity of the trial court proceedings and the presence of sufficient evidence to support the trial court's decision. Id.
 {¶ 14} Additionally, in their brief the Hays present their side of the dispute and ask us to consider additional evidence not found in the record. It is a fundamental principle of appellate review that an appellate court is limited to considering the evidence found within the record transmitted to it on appeal. App.R. 9(A); State v. Callihan
(1992), 80 Ohio App.3d 184, 197, 608 N.E.2d 1136. We are simply not allowed to add matter to the record before it that was not a part of the trial court's proceedings and then decide the appeal on the basis of the new evidence. State v. Ishmail (1978), 54 Ohio St.2d 402, 8 O.O.3d 405,377 N.E.2d 500. Thus, we cannot consider any of the information contained in the Hays' brief that does not appear in the record transmitted from the trial court. Furthermore, the record before us does not show the trial court made any obvious error.
 {¶ 15} We realize the Hays are proceeding before this court pro se, but pro se litigants are bound by the same rules and procedures as litigants who retain counsel. State ex rel. Montgomery v. Maginn (2002),147 Ohio App.3d 420, 426, 770 N.E.2d 1099. This court does make some allowances for pro se litigants, such as in the form and content of their briefs. Mahone v. Moore (Dec. 31, 2001), 7th Dist. No. 854. This is demonstrated by the fact we have not dismissed their appeal without dealing with its merits. However, we do not have the authority or power to consider things that are not in the record before us. The argument the Hays presented to this court should have been made to the trial court, which apparently the Hays chose not to do. They received notice of the trial and did not appear.
 {¶ 16} For the foregoing reasons, the decision of the trial court is affirmed.
Judgment affirmed.
Vukovich, P.J., concurs.
Waite, J., concurs. See concurring opinion.