[Cite as *In re Estate of Parks*, 2024-Ohio-1841.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY


IN RE:                                                 :

    THE ESTATE OF LAWRENCE R.      :          CASE NO. CA2023-10-081
PARKS

                                                     :          O P I N I O N
                                                                  5/13/2024

                                                     :

                                                     :

                                                     :


APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
PROBATE DIVISION
Case No. PE 20221301


Pro Seniors, Inc., and Tracye T. Hill and Miriam H. Sheline, for appellant.

Rolf Goffman Martin Land LLP, and David S. Brown and Michael S. Kearns, for appellee.


**S. POWELL, P.J.**

{¶ 1}   Toni J. Parks appeals the decision and entry of the Warren County Probate Court granting Chesterwood Nursing Care, Ltd.'s ("Chesterwood") motion for relief from judgment.  For the reasons outlined below, we affirm the probate court.

**Factual and Procedural Background**

{¶ 2}   Lawrence Parks became a resident of Chesterwood in January of 2021.  He remained there until October 22, 2021.  It is unclear from the record why exactly Lawrence

left the facility. However, Lawrence was later hospitalized after a fall and passed away on November 17, 2021. He was survived by Toni Parks, his spouse. At the time of his death, Lawrence owed Chesterwood an outstanding balance of $72,882.74 for the services and care provided by Chesterwood. Unaware that Lawrence had passed away, Chesterwood commenced suit against Lawrence in the Warren County Common Pleas Court to recover the amount owed. After learning of Lawrence's death, Chesterwood dismissed the suit.

{¶ 3} As of April 28, 2022, over five months after Lawrence's death, no estate had been opened for him. On that day, attorney W. Cory Phillips filed an application in the Warren County Probate Court to be appointed special administrator of Lawrence's estate. The application provided that it was made for the purpose of allowing creditors' claims to be timely presented and to preserve Chesterwood's claim against Lawrence's estate. Without a hearing or notice to Mrs. Parks, the probate court appointed Phillips special administrator of Lawrence's estate in April of 2022.

{¶ 4} Phillips subsequently filed a notice that Chesterwood had presented to him its claim against Lawrence's estate in the sum of $72,222.74. Phillips also discovered that Lawrence's real property was not an estate asset and had transferred to Mrs. Parks upon Lawrence's death. Aware of no other estate assets, Phillips filed a motion to terminate the estate. The estate was closed, and Phillips was discharged as special administrator in September of 2022.

{¶ 5} Two days prior to the probate court's order closing the estate, Chesterwood filed a separate claim in the general division of the Warren County Common Pleas Court against Mrs. Parks for the sum Lawrence had owed Chesterwood.

{¶ 6} In January of 2023, over one year after Lawrence's death and four months after the court's closure of his estate, Mrs. Parks filed a motion in probate court to reopen

Lawrence's estate and to be appointed executor of the estate under Lawrence's will. The motion also requested the probate court vacate, as void ab initio,[1] Phillips' appointment as special administrator because Mrs. Parks was not provided notice of Phillip's application for appointment as special administrator and no hearing was held on the matter. Mrs. Parks' motion to reopen the estate was served on Phillips via email in November of 2022 and in January of 2023.

{¶ 7} Mrs. Parks motion to reopen the estate and the forms that accompanied it contained limited reference of the action pending against her in the general division related to Lawrence's estate. Neither Chesterwood nor Phillips responded to Mrs. Parks' motion. On January 30, 2023, the probate court granted Mrs. Parks' motion to reopen the estate and held that Phillips' prior appointment as special administrator was revoked and vacated as void ab initio (the "January Order").

{¶ 8} After the estate was reopened, no action was taken until June of 2023 when the probate court issued a citation for a past-due inventory of the estate. Mrs. Parks filed an inventory showing $580 of assets in Lawrence's estate. In September of 2023, the court also issued a citation for a past-due account.

{¶ 9} That same month, nearly eight months after the January Order, Chesterwood filed a motion in the probate court for relief from the January Order. Chesterwood claimed that it only became aware the probate court had ruled Phillip's appointment as special administrator was void ab initio from Mrs. Parks' motion for summary judgment filed in the related action pending in the general division. Chesterwood argued that the trial court should grant relief because vacation of Phillips appointment as special administrator would also vacate Chesterwood's timely

---

1. Void means, "To render of no validity or effect * * *." VOID, *Black's Law Dictionary* (11th ed. 2019). Ab initio means, "From the beginning * * *." AB INITIO, *Black's Law Dictionary* (11th ed. 2019).

presentment of its claim against Lawrence's estate and prevent Chesterwood from pursuing its claim against Mrs. Parks in the general division.

{¶ 10} On October 3, 2023, the probate court granted Chesterwood's motion for relief from judgment (the "October Order"). The October Order stated the court's prior entry revoking Phillips' appointment was made without an awareness of the action pending in the general division and that "vacation of Phillips' appointment ab initio would nullify Chesterwood's claim" against Lawrence's estate. Mrs. Parks now appeals that order.

{¶ 11} Mrs. Parks raises two assignments of error that can be addressed together.

{¶ 12} **Assignment of Error No. 1:**

{¶ 13} **THE PROBATE COURT ABUSED ITS DISCRETION AND ERRED WHEN IT VACATED ITS PRIOR ORDER AND GRANTED APPELLEE'S MOTION FOR RELIEF PROM JUDGMNENT.**

{¶ 14} **Assignment of Error No. 2:**

{¶ 15} **THE PROBATE COURT ERRED IN REINSTATING ITS ENTRY APPOINTING PHILLIPS SPECIAL ADMINISTRATOR AS SAID ENTRY IS VOID AB INITIO.**

{¶ 16} Mrs. Parks argues on appeal that Phillips' appointment as special administrator was void ab initio and thus Chesterwood lacks a meritorious claim or defense entitling it to relief under Civ.R. 60(B). Mrs. Parks also asserts Chesterwood had notice of her motion to declare Phillips' appointment void ab initio and that Chesterwood failed to file its motion within a reasonable amount of time. Thus, according to Mrs. Parks, Chesterwood cannot demonstrate extraordinary circumstances entitling it to relief under Civ.R. 60(B).

{¶ 17} Mrs. Park further contends that Phillips' appointment as special

- 4 -

administrator of Lawrence's estate was void ab initio because notice of his application to be appointed was never sent out and a hearing on the matter was not held. Mrs. Parks claims this violated her due process rights. As a result, she claims the trial court had no ability to reinstate Phillips' appointment.

{¶ 18} Within these assignments of error, Ms. Parks also argues that Chesterwood's Civ.R. 60(B) motion was an inappropriate substitute for a direct appeal of the trial court's order declaring Phillips' appointment void ab initio. Before we can reach the merits of Mrs. Park's appeal, we must discuss this issue.

{¶ 19} Under Civ.R. 60(B)(5), the trial court may, "relieve a party or his legal representative from a *final* judgment, order or proceeding for * * * any * * * reason justifying relief from the judgment." (emphasis added). Yet, it is axiomatic that "'[a] Civ.R. 60(B) motion for relief from judgment cannot be used as a substitute for a timely appeal or as a means to extend the time for perfecting an appeal from the original judgment.'" *State ex rel. Richard v. Cuyahoga Cty. Commrs.*, 89 Ohio St.3d 205, 206 (2000), quoting *Key v. Mitchell*, 81 Ohio St.3d 89, 90-91 (1998); *State ex rel. Durkin v. Ungaro*, 39 Ohio St.3d 191, 192 (1988). Therefore, "a Civ.R. 60(B) motion may not be based on arguments that could have been raised on direct appeal." *Wells Fargo Bank, N.A. v. Smith*, 10th Dist. Franklin No. 09AP-559, 2009-Ohio-6576, ¶ 11.

{¶ 20} Upon reviewing the record, a question develops over whether the January Order and October Order are final judgments. Should the January Order be final and appealable, Chesterwood may be out of time to appeal. However, should the October Order be the final and appealable order, then we have jurisdiction to consider the merits of this case.

{¶ 21} Orders in a "special proceeding" which affect a "substantial right" are final and appealable. R.C. 2505.02(B)(2). Under R.C. 2505.02(A)(2), "'Special proceeding'

means an action or proceeding that is specially created by statute * * *." In turn, a "substantial right" is "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." R.C. 2505.02(A)(1). "A court order which deprives a person of a remedy which he would otherwise possess deprives that person of a substantial right." *Chef Italiano Corp. v. Kent State Univ.*, 44 Ohio St.3d 86, 88 (1989).

{¶ 22} We have previously observed that "[g]enerally, matters related to estate administration are treated as special proceedings." *In re Estate of Lilley*, 12th Dist. Warren No. CA99-07-083, 1999 WL 1239470, *2 (Dec. 20, 1999); *In re Estate of Perry*, 12th Dist. Butler No. CA2007-03-061, 2008-Ohio-351, ¶ 46. Additionally, appointment of an administrator, executor, and special administrator as well as the preservation of claims by a special administrator are specifically created by R.C. Chapter 2113, making them special proceedings. R.C. 2113.06; R.C. 2113.15; R.C. 2113.16; R.C. 2113.17.

{¶ 23} We have also held, "[t]he intent of the trial court is crucial in determining whether an entry was meant to be a final judgment in the matter." *State v. Crosby*, 12th Dist. Clermont No. CA2009-01-001, 2009-Ohio-4936, ¶ 16, citing *Ohio Assn. of Pub. School Emp., AFSCME/AFL-CIO, Chapter 762 v. New Miami Local School Dist. Bd. of Edn.*, 31 Ohio App.3d 163, 164 (12th Dist.1986); *Millies v. Millies*, 47 Ohio St.2d 43, 44, (1976). "This intent can be ascertained by looking to the circumstances surrounding the issuance of the entry * * * [A] document is likely to be considered a judgment entry where it contains a 'sufficiently definitive formal statement' indicating the court's intent to conclude the litigation by such entry." *Id.*, quoting *Peters v. Arbaugh*, 50 Ohio App.2d 30, 32 (10th Dist.1976), *Millies*, 47 Ohio St. 2d at 45. Ultimately, a final order must "determine an action and prevent a judgment." *Chef Italiano Corp.*, 44 Ohio St.3d at 88.

{¶ 24} Upon review, it becomes apparent that the January Order was not a final

and appealable order. As an initial matter, we note that while Phillips' appointment was declared void ab initio, the estate was reopened at the behest of Mrs. Parks. At that point, issues regarding the estate, including preparation of inventories and accounts for the estate, still needed to be addressed and reviewed by the court. Indeed, the court had to later order Mrs. Parks to prepare them.

{¶ 25} In addition, there is no indication on the January Order or within the record that the January Order was served on the parties pursuant to Civ.R. 58(B) and App.R. 4(A). App.R. 4(A) "contains a tolling provision that applies in civil matters when a judgment has not been properly served on a party according to Civ.R. 58(B)." *In re Anderson*, 92 Ohio St.3d 63, 67 (2001). If notice of a final judgment is never served on the parties, as Civ.R. 58 requires, then the time to appeal never begins to accrue. *Id.*

{¶ 26} Moreover, while recognizing that a claim had been presented by Chesterwood to Phillips, the January Order did not expressly state what, if any, implications it had on that claim. The January Order only reopened Lawrence's estate and declared Phillips' appointment as special administrator void ab initio. It was not until the October Order that the court recognized that "vacation of Phillips' appointment ab initio would effectively nullify Chesterwood's claim" against Lawrence's estate. Thus, the October Order expressly discussed the status of Chesterwood's claim and determined that it was timely presented and could be litigated. Stated differently, the October order found Mrs. Parks could no longer argue Chesterwood's claim against Lawrence's estate was time barred. It was thus the October Order, not the January Order, that signaled an intent by the court to conclude litigation regarding the timeliness of Chesterwood's claim and prevent Mrs. Parks from arguing it was time barred.

{¶ 27} Given our conclusions above, it becomes apparent that because the January Order was not a final judgment, Civ.R. 60(B) was not an appropriate mechanism

to challenge it.  Instead, the trial court should have construed the motion as a motion to reconsider.  Under Civ.R. 54(B), an order or decision " which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties * * * is subject to revision at any time" before a final judgment.  Therefore, "[a] trial court has plenary power in ruling on a motion for reconsideration, and we will not reverse such rulings absent an abuse of discretion." *Mindlin v. Zell*, 10th Dist. Franklin No. 11AP-983, 2012-Ohio-3543, ¶ 23; s*ee also Todd Dev. Co. v. Morgan*, 12th Dist. Warren No. CA2005, 2006-Ohio-4825, ¶ 52, *rev'd on other grounds,* 116 Ohio St.3d 461, 2008-Ohio-87; *Carlson v. Cincinnati*, 1st Dist. Hamilton No. C-230115, 2024-Ohio-591, ¶ 39.  "An abuse of discretion connotes more than an error of law or judgment; it implies the trial court acted unreasonably, arbitrarily, or unconscionably."  *Bowman v. Leisz*, 12th Dist. Warren No. CA2014-02-029, 2014-Ohio-4763, ¶ 17, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, (1983).

{¶ 28} We find no abuse of discretion by the probate court because Chesterwood timely and properly presented its claim to Lawrence's estate.  Under R.C. 2117.06(B), "all claims shall be presented [against an estate] within six months after the death of the decedent, whether or not the estate is released from administration or an executor or administrator is appointed during that six-month period."  A surviving spouse and next of kin have priority to be administrator of a deceased's estate to receive such claims.  R.C. 2113.06(A)(1).  Before becoming an executor or administrator, one must make an application with the court and provide information on the decedent's spouse and next of kin.  R.C. 2113.07.  The statute further requires that "those persons shall be served notice for the purpose of ascertaining whether they desire to take or renounce administration."  *Id.*  If the surviving spouse or next of kin "fail to take or renounce administration voluntarily, the matter shall be set for hearing and notice given * * *."  R.C. 2113.06.  However, if those with priority to be an administrator "neglect to apply within a reasonable time for the

administration of the estate, their right to priority shall be lost, and the court shall commit the administration to some suitable person * * * [and] [t]he person granted administration may be a creditor of the estate."  R.C. 2113.06(C).

{¶ 29} When there is such a delay in appointing an executor or administrator, "the probate court may appoint a special administrator to collect and preserve the effects of the deceased and grant the special administrator any other authority that the court considers appropriate."  R.C. 2113.15.  Importantly, the administrator performs these functions "for the executor or administrator who thereafter is appointed."  *Id.*  Once an executor or administrator has been appointed, "the special administrator shall transfer to the executor or administrator all the assets of the deceased in the possession or under the control of the special administrator."  R.C. 2113.16.

{¶ 30} Construing these statutes together, we conclude that R.C. 2113.06's and 2113.07's requirements of notice and a hearing before appointment of an executor or administrator are inapplicable to the appointment of a special administrator.  There are multiple reasons for this.  First, R.C. 2113.15 clearly refers to a "special administrator" as distinct from an "administrator" or "executor."  This distinction is repeated in R.C. 2113.16 which speaks of the "special administrator's" power terminating upon the "granting of letters testamentary or of administration" once a "regular" administrator or executor is appointed.  Secondly, the notice and hearing procedures found in R.C. 2113.06 are not found in R.C. 2113.15 or incorporated therein by reference.  Thirdly, R.C. 2113.15 applies when "there is a delay in granting letters testamentary or of administration [pursuant to R.C. 2113.06]."  The statute clearly envisioned situations in which people entitled to be an executor or administrator, such as Mrs. Parks, have not sought an appointment after an extended period of time.

- 9 -

{¶ 31} Finally, the special administrator has limited authority. Ohio law has long recognized that "[t]he special administrator is simply a stakeholder, and has no interest in who shall finally be the general administrator * * *." *Phares v. Lincoln Nat. Bank*, 42 Ohio App. 433, 435 (1st Dist.1931). R.C. 2113.06 and 2113.15 allow for other persons, including creditors, to be appointed special administrator so that someone may receive claims against the estate within the six-month deadline of R.C. 2117.06(B). Essentially, the statutes contemplate a situation where creditors must step in to protect their potential claims against an estate when those with priority to be an executor or administrator, such as Mrs. Parks, failed or refused to open an estate.

{¶ 32} Here, the only action taken by Phillips as special administrator was to acknowledge presentment of Chesterwood's claim against Lawrence's estate. Phillips' appointment and his reception of Chesterwood's claim without notice to Mrs. Parks or a hearing on the matter did not in any way prejudice Mrs. Parks or deprive her of any protected interest or due process under the law. Phillips and Chesterwood simply acted to preserve Chesterwood's claim against Lawrence's estate. Ohio's probate laws expressly permitted them to do so.

{¶ 33} We also note that appointment of Phillips as special administrator is within the probate court's subject matter jurisdiction because R.C. 2101.24(A)(1)(b) provides probate courts exclusive jurisdiction "[t]o grant and revoke letters testamentary and of administration." Even assuming the notice and hearing provisions of R.C. Chapter 2113 apply to the appointment of special administrators, failure to comply with these statutes would not have been a jurisdictional issue. Stated differently, appointment of a special administrator under R.C. 2113.15 "without notice" would not be an extra-judicial act but an imperfect exercise of jurisdiction, rendering Phillips' appointment voidable, at most, but not void.

{¶ 34} In conclusion, the underlying facts of this case were greatly complicated by unexplained delay on both sides.  However, Ohio's probate laws make clear that Mrs. Parks was not entitled to notice or a hearing on Phillips' motion to be appointed special administrator.  His appointment served only to receive claims from creditors, including Chesterwood, before the six-month deadline to submit those claims expired.  Mrs. Parks' right to be appointed executor of Lawrence's estate under R.C. 2113.06 was entirely unaffected by Phillips' appointment, and as requested in her motion, she is currently serving as executor of the reopened estate.  As a result of the foregoing, we conclude the trial court did not abuse its discretion in granting Chesterwood's Civ.R. 60(B)  motion and reinstating Phillips' appointment as special administrator.

{¶ 35} Judgment affirmed.

HENDRICKSON and M. POWELL, JJ., concur.