JOURNAL ENTRY AND OPINION
{¶ 1} The appellant, Lynn Groenenstein, dba Lynn's Resume, Writing and Business Services ("Groenenstein"), appeals the decision of the trial court rendering judgment in favor of the appellee, Tricia L. Tiffe ("Tiffe"), in a matter presented before the magistrate in the Parma Municipal Court's Small Claims Division and in the subsequent court action in denying the appellant's objections to the magistrate's decision. For the reasons set forth below, we affirm the decision of the trial court.
 {¶ 2} In August 2001, after reading an advertisement posted in ThePlain Dealer, Tiffe contacted Groenenstein about updating her resume and inquired about fees. During the initial telephone conversation, Groenenstein advised Tiffe that for $95 she would prepare a resume, include twenty copies, and include free interviewing advice. Tiffe and Groenenstein scheduled an appointment for August 15, 2001 at 5:30 p.m. to conduct an interview in order for Groenenstein to gather information to properly prepare Tiffe's resume. Groenenstein further discussed job interviewing techniques with Tiffe. At the conclusion of the interview, Tiffe agreed to have Groenenstein prepare a more extensive, two-page resume for her and wrote a check in the amount of $185 in payment of Groenenstein's fee.
 {¶ 3} The next morning, Tiffe called Groenenstein at about 6:45 a.m. stating that she had changed her mind, did not want Groenenstein's services, and requested that she not cash her check; however, Groenenstein did in fact cash the check later that day.
 {¶ 4} On August 23, 2001, Groenenstein phoned Tiffe at work and informed her that she had cashed the check and asked her to come to her office to pick up a refund of $135, $185 less $50 for the interview. When Tiffe arrived at Groenenstein's office, she was offered a refund of $135 and requested to sign a release before the funds would be released to her. Tiffe refused to sign the release and left the office. Then, according to Groenenstein, Tiffe ran back into the office, attempted to remove several documents located on Groenenstein's desk, then again ran out of the office.
 {¶ 5} Tiffe subsequently filed a complaint in the Parma Municipal Court, small claims division, asking for a full refund in the amount of $185. At the conclusion of the trial before the magistrate, an award was rendered in favor of Tiffe. Groenenstein filed objections to the magistrate's decision, which the trial court denied and then adopted the decision of the magistrate.
 {¶ 6} Groenenstein now appeals the decision of the trial court and asserts six assignments of error:
 {¶ 7} "I. The trial court erred by failing to recognize that the parties had a binding contract."
 {¶ 8} "II. The trial court erred in failing to recognize that the appellant was entitled to compensation under the theory of quasi contract."
 {¶ 9} "III. The trial court erred in interpreting the Consumer Sales Practices Act."
 {¶ 10} "IV. The trial court erred in failing to acknowledge the existence of a settlement agreement."
 {¶ 11} "V. The trial court erred in failing to issue written conclusions of law and findings of fact."
 {¶ 12} "VI. The trial court erred in that it ruled in favor of the appellee which was against the manifest weight of the evidence."
 {¶ 13} At the outset, this court must note that a trial court has great discretion in determining whether to sustain or overrule an objection to a magistrate's decision. Therefore, the decision to adopt, reject, or modify a magistrate's decision will not be reversed on appeal unless the decision is determined to be an abuse of discretion. Wade v.Wade (1996), 113 Ohio App.3d 414, 419.
 {¶ 14} For this court to find an abuse of discretion, we must conclude that the determination by the trial court was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. It is with this standard of review that we proceed to the appellant's assignments of error.
 {¶ 15} In addition, because of the absence of findings of fact and conclusions of law, the appellant's first four assignments of error must be viewed as possible errors committed on the part of the magistrate as the basis for the magistrate's final judgment. Therefore, assignments one through four will be addressed together in determining whether or not the trial court abused its discretion in adopting the decision of the magistrate.
 {¶ 16} Before addressing assignments one through four, this court will review appellant's fifth assignment of error, which contends that both the trial court and the magistrate erred by not issuing findings of fact and conclusions of law to present the basis for the court's rulings. Appellant's fifth assignment of error is without merit.
 {¶ 17} Under both Civ.R. 52 and Civ.R. 53(E), trial courts and magistrates are under no duty to prepare findings of fact and conclusions of law unless a party properly requests them. Civ.R. 52 provides in part:
 {¶ 18} "When questions of fact are tried by the court without a jury, judgment may be generally for the prevailing party unless one of the parties in writing requests otherwise before the entry of judgment pursuant to Civ.R. 58, or not later than seven days after the party filing the request has been given notice of the court's announcement of its decision, whichever is later * * *."
 {¶ 19} Civ.R. 53(E)(2) states:
 {¶ 20} "If any party makes a request for findings of fact and conclusions of law under Civ.R. 52 or if findings of fact and conclusions of law are otherwise required by law or by the order of reference, the magistrate's decision shall include findings of fact and conclusions of law. If the request under Civ.R. 52 is made after the magistrate's decision is filed, the magistrate shall include the findings of fact and conclusions of law in an amended magistrate's decision."
 {¶ 21} "Absent a request for findings of fact and conclusions of law, the magistrate need only prepare a decision. A request for findings of fact and conclusions of law should be `unambiguously addressed' to the court." Coleman v. Commercial Roofing Co. (Oct. 30, 1997), Cuyahoga App. No. 72564, at 2, citing L.T.M. Builders v. Jefferson (1980),61 Ohio St.2d 91, 95.
 {¶ 22} In the case sub judice, a review of the record confirms that the appellant failed to make the proper request for findings of fact and conclusions of law. Therefore, the appellant's fifth assignment of error is without merit.
 {¶ 23} Additionally, "a party cannot be heard to complain on appeal that the trial court made erroneous determinations of fact or law where the party failed to request separate findings of fact and conclusions of law as provided by procedural rules." Wilkinson v. Escala
(Mar. 30, 2001), Mahoning App. No. 99-CA-310, at 8, citing Pawlus v.Bartrug (1996), 109 Ohio App.3d 796. Therefore, we must presume the correctness of the court's judgment as long as there is some evidence in the record to support the judgment. Fletcher v. Fletcher (1994),68 Ohio St.3d 464, 468.
 {¶ 24} The evidence presented during the hearing was sufficient to support the magistrate's decision that the appellant was not entitled to any monies. There was testimony presented that the appellee went to the appellant's office for a free interview and consultation. In addition, the appellee further testified that when she left the office, she was planning to fax the appellant an outdated copy of her resume because she felt that the appellant failed to fully understand her work position, duties and title. While there may have been an exchange of payment, there is a question of whether or not both parties had a meeting of the minds in order to establish the existence of a contract.
 {¶ 25} "Meeting of the minds" refers to the manifestation of mutual assent by the parties of an agreement to the exchange and consideration, or to the offer and acceptance." Restatement of the Law 2d, Contracts (1981) 52, Section 17, comment c. In the determination of a created contract, "the relevant inquiry is the manifestation of intent of the parties as seen through the eyes of a reasonable observer, rather than the subjective intention of the parties." Bennett v. Heidinger
(1986), 30 Ohio App.3d 267, 268, citing 1 Corbin on Contracts (1963), Section 9; Restatement of the Law 2d, Contracts (1981), Sections 1 and 3. A contract must be construed with reference to its subject matter, nature, and object or purpose. McBride v. Prudential Ins Co. of America
(1947), 147 Ohio St. 461.
 {¶ 26} In the case sub judice, the magistrate heard evidence that the appellee was under the belief, pursuant to a telephone conversation with the appellant, that she would be taking part in a free consultation/interview for purposes of preparing a resume on her behalf. In addition, the appellee testified that, while she did give the appellant a check for $185, she also informed the appellant that she would fax her an outdated resume to help explain her exact position and work history. When viewing the testimony set forth before the magistrate, this court cannot conclude that the trial court abused its discretion in adopting the determinations of the magistrate and rendering judgment in favor of the appellee for the full amount of $185.
 {¶ 27} Evidence was presented that the parties, although they may have discussed the appellee's prior work history and the possibility of the appellant creating a resume for the appellee, did not possess the requisite meeting of the minds as to the formation of a contract.
 {¶ 28} In addition, the appellant further asserts a claim based upon appellee's unjust enrichment. "Generally speaking, a claim for unjust enrichment lies whenever a benefit is conferred by plaintiff upon a defendant with knowledge by the defendant of the benefit and retention of the benefit by the defendant under circumstances where it would be unjust to do something without payment. * * * This implied obligation (i.e. quasi contract) is derived from the equitable principle based on the moral obligation to make restitution which rests upon a person who has received a benefit which, if retained by him, would result in inequity and injustice. Rice, supra at 398." Kraft Construction Co. v. CuyahogaCty. Bd. of Commissioners (1998), 128 Ohio App.3d 33, 48; citing Donovanv. Omega World travel Inc., (Oct. 5, 1995), Cuyahoga App. No. 68251, at 8-9.
 {¶ 29} The appellant's claims for quasi-contract, unjust enrichment, are based on the initial interview, which she claims was not a free consultation but rather an interview wherein she gathered the relevant material to form the appellee's resume. However, the appellant has failed to demonstrate that the appellee received any benefit from the work performed. Thus, the appellant's claim under a quasi-contract is without merit.
 {¶ 30} Appellant further asserts the trial court erred by not recognizing R.C. 1345.03(B)(7) pertaining to unconscionable sales practices under the Consumer Sales Practices Act regarding her refund policy. Specifically, appellant claims she had a large sign in her office posting her refund policy which states, "ALL SERVICES PAYABLE IN ADVANCE! THERE WILL BE A $20.00 FEE FOR ALL CHECKS RETURNED NSF. NO REFUNDS AFTER THE RESUME INTERVIEW."
 {¶ 31} R.C. 1345.03(B)(7) reads as follows:
 {¶ 32} "(B) In determining whether an act or practice is unconscionable, the following circumstances shall be taken into consideration:
 {¶ 33} "(7) Whether the supplier has without justification refused to make a refund in cash or by check for a returned item that was purchased with cash or by check, unless the supplier had conspicuously posted in the establishment at the time of the sale a sign stating the supplier's refund policy."
 {¶ 34} Appellant asserts her refund policy was not unconscionable since it was conspicuously posted. Appellant testified that her refund policy is conspicuously posted two feet behind her desk and visible to the consumer upon entering her business. She further claims she informed appellee of her refund policy on three separate occasions. In addition, several of appellant's witnesses testified they were aware of the posted sign, but did not specify the time, date or location of the sign relevant to this case.
 {¶ 35} Appellee conversely testified at the hearing that she was completely unaware of any policy by which appellant would retain $50 as a fee for services in the event appellee was subsequently dissatisfied with her services. It was not until appellant attempted to have appellee sign a release that appellee was made aware of this policy. Appellee further testified she had never viewed the sign posting the refund policy.
 {¶ 36} The magistrate was presented with conflicting testimony concerning appellant's refund policy and, after considering the testimony, found in favor of appellee. When viewing the testimony set forth before the magistrate, this court cannot conclude that the trial court abused its discretion in adopting the determination of the magistrate.
 {¶ 37} Next, appellant asserts the trial court erred in failing to acknowledge the existing settlement agreement between the parties.
 {¶ 38} Appellant contends that both parties agreed to settle the matter, and appellee was willing to accept a check for $135. Appellant, therefore, prepared a preprinted form listing the terms of the settlement and attaching a release from liability.
 {¶ 39} Appellee testified this settlement conversation never occurred. Appellee testified she was summoned to pick up her check on August 23, 2001 from appellant's office and was surprised to find that appellant had deducted a $50 fee for services rendered; she was then ordered by appellant to sign a release.
 {¶ 40} Again, the magistrate was presented with conflicting testimony concerning a settlement agreement and, after considering the testimony, found in favor of appellee. When viewing the testimony set forth before the magistrate, this court cannot conclude that the trial court abused its discretion in adopting the determination of the magistrate.
 {¶ 41} In her sixth assignment of error, the appellant contends that the determination of the trial court was against the manifest weight of the evidence. These contentions are without merit.
 {¶ 42} A reviewing court will not reverse a verdict as being against the manifest weight of the evidence where there is some competent, credible evidence going to all the essential elements of the case. C. E. Morris Co. v. Foley Construction Co. (1978), 54 Ohio St.2d 279.
 {¶ 43} Because of this court's decision on appellant's previous assignments of error one through five, appellant's sixth assignment of error must also fail because the decision of the lower court was indeed based upon competent and credible evidence.
Judgment affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Parma Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA A. BLACKMON, J., concurs.
TIMOTHY E. McMONAGLE, P.J., dissents with separate dissenting opinion.