OPINION
{¶ 1} Plaintiff-appellant Jeffrey S. Wilson ("Wilson") brings this appeal from the judgment of the Court of Common Pleas of Union County.
 {¶ 2} In 1998, Wilson and defendant-appellee Rich Jenkins ("Jenkins") owned separate well established insurance agencies. On December 21, 1998, Wilson and Jenkins merged their businesses under the name G G Insurance, Inc. The parties agreed that they would be equal shareholders in the business. In the spring of 2000, the parties decided to dissolve the corporation. On November 21, 2000, Wilson sought a judicial decree for dissolution of the corporation. The trial court appointed a receiver for the corporation on November 30, 2000. A bench trial was held on December 21, 2000. At the trial, the trial court informed the parties that each side would have 45 minutes to present a case-in-chief. Each side was then given 15 minutes of rebuttal time. Neither side objected to this procedure. At the conclusion of the cases, each side submitted post-trial briefs. Subsequent to this, the trial court entered an order that the corporation's assets be sold. On June 3, 2004, the trial court entered its judgment as to matters between Wilson and Jenkins. However, that entry did not address the claims against a third defendant, Trent Bradford ("Bradford"). Wilson filed a request for findings of fact and conclusions of law on June 10, 2004. Additionally, the trial court did not find that there was no just reason for delay, which prevented this order from being final. On August 16, 2004, the trial court filed the findings of fact and conclusions. On September 9, 2004, the trial court filed a "nunc pro tunc entry" disposing of all remaining issues. Wilson appeals from these judgments and raises the following assignments of error.
The trial court erred to the prejudice of [Wilson] by allowinginadequate time at trial, only fifty-five (sic) minutes, to presentevidence.
 The trial court erred to the prejudice of [Wilson] by failing to grantrelief for [Jenkins'] breach of the parties' buy-in/merger agreement.
 The trial court erred to the prejudice of [Wilson] after dissolving andwinding up the corporation by failing to allocate one half of theremaining assets to [Wilson] who owned one half of the stock.
 The trial court erred to the prejudice of [Wilson] when dissolving thetwo equal owner/operators' merged company by allowing [Jenkins] torecover his pre-merger phone number while prohibiting Wilson fromrecovering his pre-merger phone number.
 The trial court erred to the prejudice of [Wilson] by failing torequire [Jenkins] to account for assets and opportunities usurped fromthe corporation during the pendency of the action and prior todissolution.
 The trial court erred to the prejudice of [Wilson] by failing to grantjudgment against [Trent Bradford] who converted corporation resources tohis use and interfered with the buy-in/merger agreement.
 {¶ 3} This court notes that although the trial court titled the September 9, 2004, judgment entry as a nunc pro tunc entry, it was not used to correct an error, but to add additional information. The title of a document is not determinative of what the document is. St. VincentCharity Hosp. v. Mintz (1987), 33 Ohio St.3d 121, 515 N.E.2d 917. Since the original entry did not dispose of all issues and parties and did not contain the language necessary to make it a final entry, it was not a final appealable order until the September 9, 2004, entry was filed. Thus, the appeal is timely and this court has jurisdiction to review the matter.
 {¶ 4} In the first assignment of error, Wilson claims the trial court erred by limiting the time for the presentation of the evidence. However, this court notes that Wilson did not object to the procedures set forth or request a continuance until after his rebuttal time. After the closing arguments, Wilson did make a proffer of exhibits he would have added and proffered additional questions he would have asked Jenkins. Jenkins was called as a witness by Wilson and testified. At the conclusion of the questioning, Wilson's attorney stated that he had no more questions to ask Jenkins. The exhibits could have been identified by Jenkins and/or Wilson when they testified. Since Wilson had the opportunity to question the witnesses and had released them, this court does not see how he was prejudiced by the trial court not permitting him to obtain additional testimony from them. Thus, the first assignment of error is overruled.
 {¶ 5} The remaining assignments of error raise the question as to whether the trial court's findings of fact and conclusions of law were supported by the evidence. The second assignment of error claims that the trial court erred in not finding that Jenkins breached the merger agreement. In his brief, Wilson claims that Jenkins breached the agreement by failing to assign Jenkins' phone number to the corporation, failing to assign books of business to the corporation, failed to equally compensate the parties, prevented Wilson from accessing records, failed to equally share commissions, and insisted on dissolving the corporation. This court notes that the trial court concluded that Jenkins wrongly used corporate funds to pay for health insurance and did not equally split all commissions. The trial court then ordered Jenkins to reimburse the corporation for the amounts that did not belong to him. Thus, the trial court did not err concerning those issues.
 {¶ 6} Wilson also claims that Jenkins failed to assign his phone number to the corporation. The testimony of Jenkins was that there was no such agreement. He testified that Wilson chose to assign his number, but Jenkins did not wish to do so and kept it as his personal number. Wilson testified that he thought they had agreed to transfer the phone numbers, but that Jenkins did not do so. Jenkins testified that he did not agree to do so. Given this conflicting testimony, the trial court did not err by resolving the issues of credibility and finding there was no agreement to transfer all of the phone numbers.
 {¶ 7} Next, Wilson claims that Jenkins failed to transfer all pre-merger books of business. The only testimony concerning this matter occurred when Wilson's attorney questioned Jenkins about the transfer of the Western Reserve book. Jenkins testified that he had done so. Thus, with no contrary evidence before it, the trial court did not err in finding no breach.
 {¶ 8} Wilson also claims that Jenkins prevented him from having access to the corporate files. However, Jenkins testified that Wilson could have seen any of the corporate files during business hours. Wilson also could have seen the files after business hours, but would have needed Jenkins or an employee to be present to use the computer program as Wilson did not know how to use the program. Wilson's spouse was provided access to the computers and files during regular business hours. Given this testimony, the trial court concluded that Jenkins did not deny Wilson access to the files.
 {¶ 9} The final complaint Wilson makes is that the trial court erred by permitting Jenkins to repudiate the agreement and dissolve the corporation. However as a fifty percent shareholder in the business, Jenkins had every right to ask for the corporation to be dissolved. There was no agreement as to the duration of the corporation's existence. Thus, there is no evidence from which the trial court could conclude that Jenkins breached an agreement by requesting the dissolution. Since the trial court's findings concerning alleged breaches of the merger agreement are supported by evidence in the record, the trial court did not err. The second assignment of error is overruled.
 {¶ 10} In the third assignment of error, Wilson claims that the trial court erred by its allocation of the corporate assets. The trial court's distribution came from the funds available from the receiver's sale of all corporate assets. Regardless of whether the trial court believed the amounts to be correct, the sales prices were final and determined the value of the total assets. The trial court then subtracted the amounts each party owed to the corporation and to the other party and adjusted their distribution of assets accordingly. Then the trial court ordered initial payments be made to the parties to account for these amounts. Finally, the trial court ordered the clerk of court to deduct the court costs and distribute any remaining funds equally. This is an equal division of the net assets of the corporation and the equal distribution required.
 {¶ 11} However, the trial court did order that Jenkins be reimbursed $2,000.00 for the renewal of computer software licenses used by the corporation. Jenkins testified that the software renewal cost $1,200.00. Tr. 89. There was no evidence as to a value of $2,000.00. Thus, the trial court erred in requiring Jenkins to be reimbursed for $2,000.00. Thus, the third assignment of error is sustained as to the reimbursement for the computer software license and overruled on the other issues.
 {¶ 12} Wilson alleges in the fourth assignment of error that the trial court erred by allowing Jenkins to keep his pre-merger telephone number and requiring Wilson to abandon his. The testimony was that Wilson assigned his pre-merger telephone number to the corporation, but Jenkins did not. Thus, Jenkins phone number was not a corporate asset subject to division in a suit for judicial dissolution of a corporation. The former Wilson phone number is an intangible asset of the corporation to which no value was assigned that can be equally divided between the parties. The trial court ordered that neither party could have it, reasoning that neither distributee should gain an intangible advantage over the other.[1] Thus, this court finds no error by the trial court ordering the telephone number abandoned. The fourth assignment of error is overruled.
 {¶ 13} The fifth assignment of error raises the question as to whether Jenkins used his fiduciary position as a shareholder to misappropriate assets and business opportunities of the corporation. Jenkins had transferred files from one of the corporation's books of business from the corporation to his individual business. This conduct continued until the trial court ordered that the practice be stopped. The trial court acknowledged this conduct in its entry and ordered that Jenkins pay to Wilson one-half of the $35,547.00 commission differential, along with all commissions withheld from the corporation arising from this conduct. Thus, the trial court addressed the situation and returned the sums lost to Wilson. The fifth assignment of error is overruled.
 {¶ 14} Finally, Wilson claims that the trial court erred by not granting judgment against Bradford. There was no testimony presented at trial that Bradford had any agreement with Wilson or that Wilson suffered damages due to Bradford's actions. Bradford was an employee of Jenkins, then of the corporation, and finally of Jenkins again. No testimony was presented that Bradford took any action to interfere with the corporation other than doing what his employer, Jenkins, instructed him to do. These actions were taken after Jenkins and Wilson had decided to dissolve the corporation. Without some evidence that Bradford independently and wrongly caused any loss to Wilson, there was no reason to continue the suit against Bradford. Therefore, the trial court did not err by dismissing Bradford as a party. The sixth assignment of error is overruled.
 {¶ 15} The judgment of the Court of Common Pleas of Union County is affirmed in part and reversed in part. The cause is remanded for further proceedings.
Judgment affirmed in part and reversed in part and cause remanded.
 Cupp, P.J., and Rogers, J., concur.
[1] This court notes that the record is lacking any finding that Jenkins "wrongfully acquired" the phone number from Wilson, despite what Wilson claims in his brief.